UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1036

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Jose Luis VELASCO-Acevedo

    Defendant.

Magistrate Case No._____

COMPLAINT FOR VIOLATION OF

Title 8, U.S.C., Section 1326
Attempted Entry After Deportation

The undersigned complainant being duly sworn states:

On or about **April 2, 2008**, within the Southern District of California, defendant **Jose Luis VELASCO-Acevedo**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Claudia Rios, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this 4TH day of **April, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On April 2, 2008 at approximately 8:20 PM, **Jose Luis VELASCO-Acevedo (Defendant)** made application into the United States at the San Ysidro, California Port of Entry through the Pedestrian primary entrance. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented Form I-551 (Permanent Resident Card) bearing the name and photograph of David Ponciano Heredia as his own entry document. Upon closer examination of the Permanent Resident Card, the CBP Officer noticed dissimilarities of facial features that did not resemble the Defendant. As a result defendant was referred to secondary inspection.

Defendant was queried by 10-digit fingerprints and photograph comparison through the Automated Biometric Identification System (IDENT) and Integrated Automated Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying Defendant as a deported alien and citizen of Mexico. Defendant was also linked to FBI and Immigration Service records.

Further, Immigration Service records checks; including Deportable Alien Control System (DACS) identified Defendant as a deported alien. DACS information indicated that on or about March 15, 1990 an Immigration Judge ordered Defendant deported and removed from the United States to Mexico. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

On April 3, 2008, at about 1:40 AM, during a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. Defendant admitted he is a citizen of Mexico by birth in Jalisco, Mexico. Defendant admitted he has been previously deported from the United States and removed to Mexico. Defendant admitted he has not applied for or received permission from the United States government to legally re-enter the United States. Defendant admitted he had the conscious desire to illegally enter the United States to reside with family members. Defendant further admitted he made arrangements to be smuggled into the United States and agree to pay a fee of $1,020.00 USD upon successfully entering the United States.